IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES DANIEL SPORISH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF DELAWARE, PENNSYLVANIA, et al., <br><br> Defendants. | CIVIL ACTION <br> NO. 12-6363 |

## ORDER

**AND NOW**, this 18th day of September 2013, upon consideration of Defendants' Motion to Dismiss (Doc. No. 13), Plaintiff's Responses in Opposition (Doc. Nos. 18 and 27), Defendants' Reply (Doc. No. 20), and in accordance with the Opinion of the Court issued this day, it is **ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. No. 13) is **GRANTED**.

2. Plaintiff's Motions for Appointment of Counsel (Doc. Nos. 6, 11, and 22) are **DENIED**.[1]

3. Any outstanding motions are **DENIED AS MOOT**.

---

[1] "'Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel.'" Johnson v. Stempler, 373 F. App'x 151, 154 (3d Cir. 2010) (quoting Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002)). However, 28 U.S.C. § 1915(e)(1) states that a "court may request an attorney to represent any person unable to afford counsel." "District courts have 'broad discretion' to determine whether appointment of counsel in a civil case would be appropriate." Johnson, 373 F. App'x at 154 (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)). "As a threshold matter, the district court must determine whether the indigent plaintiff's case has some arguable merit in fact and law . . . ." Id. (citing Tabron, 6 F.3d at 155). Here, because the Court is dismissing the Complaint for failure to state claims upon which relief may be granted, Plaintiff's requests for appointment of counsel will be denied.

4. The Clerk of Court shall close the above-captioned matter.

BY THE COURT:


/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.